**BIN WENG, Petitioner,**

v.

**Michael B. MUKASEY, U.S. Attorney General, Respondent.**

No. 08–0608–ag.

United States Court of Appeals, Second Circuit.

July 23, 2008.

Gary J. Yerman, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Richard M. Evans, Assistant Director, Nancy E. Friedman, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC, for Respondent.

PRESENT: Hon. B.D. PARKER, Hon. RICHARD C. WESLEY and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Bin Weng, a native and citizen of China, seeks review of the January 11, 2008 order of the BIA affirming the May 11, 2006 decision of Immigration Judge ("IJ") Douglas Schoppert denying Weng's application for asylum and withholding of removal. *In re Bin Weng,* No. A98 892 775 (B.I.A. Jan. 11, 2008), *aff'g* No. A98 892 775 (Immig. Ct. N.Y. City May 11, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, see 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004). For applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Matter of J–Y–C–,* 24 I. & N. Dec. 260, 265 (BIA 2007).

We find that the agency's adverse credibility determination is supported by substantial evidence. The IJ based his adverse credibility determination on his observation of Weng's demeanor, specifically noting instances where Weng's testimony was unresponsive. We accord particular deference to such findings. *See Majidi v. Gonzales,* 430 F.3d 77, 81 n. 1 (2d Cir.2005). The IJ also noted an inconsistency in Weng's testimony regarding her reasons for acquiring the notarial birth certificate that she submitted to the immigration court—a document that was translated into English. As the IJ accurately observed, Weng gave several contradictory reasons for obtaining the birth certificate. She initially stated that she obtained the document after she was persecuted, because that was the first time that she contemplated leaving for the United States. However, as the IJ not-

ed, Weng testified that her alleged abortion occurred in December 2004, while the document is dated October 2004. Weng then changed her story, testifying that she began planning to come to the United States as soon as she became pregnant in October 2004. In addition, the IJ noted that Weng gave various unresponsive and "simply incomprehensible" answers when she was asked about the document, including her initial response that she obtained the document to prove that she did not commit any crimes in China.

The IJ also found that although Weng testified that the authorities went to her parents' home before they found her hiding in her aunt's home, she omitted that assertion from her asylum application. Her father's letter similarly omitted that detail. In addition, the IJ noted that Weng omitted from her asylum application her assertion that she was arrested for failing to report for a required examination.

The agency properly relied on these omissions where they called into question Weng's alleged forced abortion. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Surinder Singh v. BIA,* 438 F.3d 145, 148 (2d Cir. 2006) (upholding the agency's reliance on an omission in a corroborative document as support for its adverse credibility finding).

Because Weng was properly found not credible, she failed to show the necessary subjective basis for a well-founded fear of future persecution. *Ramsameachire v. Ashcroft,* 357 F.3d 169, 183 (2d Cir.2004). Thus, the agency's denial of asylum was proper. In addition, because Weng's claim for withholding of removal had the same factual predicate as her asylum claim, the adverse credibility determination was fatal to that claim as well. *See Paul v. Gonzales,* 444 F.3d 148, 156–57 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).